IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **ADRIENNE GAWLOWSKI,** )<br>)<br>**Plaintiff,** )<br>)<br>**v.** )<br>)<br>**COLLECTCORP CORPORATION,** )<br>)<br>**Defendant.** ) | FILED: APRIL 10, 2009<br>09CV2229<br>JUDGE SHADUR<br>MAGISTRATE JUDGE BROWN<br>AO |

## COMPLAINT

NOW COMES the Plaintiff, ADRIENNE GAWLOWSKI, by and through her attorneys, LARRY P. SMITH & ASSOCIATES, LTD., and for her complaint against the Defendant, COLLECTCORP CORPORATION, Plaintiff states as follows:

### I. PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

### II. JURISDICTION & VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III. PARTIES

4. ADRIENNE GAWLOWSKI, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Elmwood Park, County of Cook, State of Illinois.

1

5. COLLECTCORP CORPORATION, (hereinafter, "Defendant") is a business entity engaged in the collection of debt within the State of Illinois. Defendant is registered as a corporation in the State of Arizona.

6. In its dealings with Plaintiff, Defendant held itself out as being a company collecting a debt allegedly owed by Plaintiff.

7. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

8. At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

### IV. ALLEGATIONS

9. On or about March Plaintiff received a telephone call from Defendant in an attempt to collect on a debt allegedly owed by Plaintiff.

10. The alleged debt of Plaintiff was incurred for personal, family, or household services.

11. Plaintiff notified Defendant in writing and orally that the debt on which Defendant was attempting to collect was not her debt but was in fact the result of an identity theft. Plaintiff requested that Defendant cease all communication and advised Defendant that she refused to pay the debt.

12. Despite the foregoing, Defendant continued to contact Plaintiff in an attempt to collect on the debt allegedly owed by Plaintiff.

13. Despite already having communicated with Plaintiff on numerous occasions, Defendant contacted Plaintiff's mother and advised Plaintiff's mother that it was an emergency and it was imperative that Plaintiff contact Defendant immediately.

14. The aforesaid communication with Plaintiff's mother took place more than once despite having no authorization from Plaintiff that Defendant could communicate with a third party and despite the fact that Defendant had no reason to believe that the information it had with respect to Plaintiff's location was erroneous or incomplete.

15. In its attempts to collect the debt allegedly owed by Plaintiff, Defendant violated the FDCPA, 15 U.S.C. §1692 in one or more of the following ways:

   a. Communicated with any person other than the consumer more than once without authorization from the consumer and without a reasonable belief that the earlier response from said person as to the consumer's location was erroneous or incomplete in violation of 15 U.S.C. §1692b(3);

   b. Continued to communicate with the consumer in an effort to collect on the alleged debt despite the fact that the consumer notified the debt collector in writing that the consumer refused to pay the debt and that the alleged debt was the result of identity theft and that the consumer wished that the debt collector cease further communication with the consumer in violation of 15 U.S.C. §1692c(c);

   c. Falsely represented the character, amount, or legal status of any debt by stating that the debt was the consumer's responsibility when in fact the debt was the result of an identity theft, in violation of 15 U.S.C. §1692e(2)(A);

   d. Used false representation or deceptive means, by implying that the telephone call to the consumer was an emergency, to collect or attempt to collect any debt or to obtain information concerning the consumer in violation of 15 U.S.C. §1692e(10);

   e. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

16. As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

## V. JURY DEMAND

17. Plaintiff hereby demands a trial by jury on all issues so triable.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, ADRIENNE GAWLOWSKI, by and through her attorneys, respectfully prays for judgment as follows:

    a.    All actual compensatory damages suffered;

    b.    Statutory damages of $1,000.00;

    c.    Plaintiff's attorneys' fees and costs;

    d.    Any other relief deemed appropriate by this Honorable Court.

Respectfully submitted,
**ADRIENNE GAWLOWSKI**

By:    s/ David M. Marco
       Attorney for Plaintiff

David M. Marco (Atty. No.: 6273315)
LARRY P. SMITH & ASSOCIATES, LTD.
205 North Michigan Avenue, 40th Floor
Chicago, IL 60601
Telephone: (312) 222-9028
Facsimile: (888) 418-1277
E-Mail: dmarco@smithlaw.us